UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. NEXSTAR MEDIA, INC. d/b/a KFOR-TV;<br>2. DYLAN BROWN;<br>3. KEVIN JOSEFY; and<br>4. GAGE SHAW,<br>    Plaintiffs,<br><br>vs.<br><br>1. RYAN WALTERS, State Superintendent of Public Instruction;<br>2. DAN ISETT, Director of Communications for the Oklahoma State Department of Education, in their official and individual capacities,<br>    Defendants. | Case No. 24-CV-00980-J |

## DEFENDANTS' ANSWER TO THE COMPLAINT

Defendants, Superintendent of Public Instruction, Ryan Walters, and Press Secretary for the Oklahoma State Department of Education ("OSDE"), Dan Isett, deny every allegation in Plaintiffs' complaint, unless specifically admitted herein. For further response, Defendants state as follows:

### Jurisdiction

1. Defendants admit that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 and that venue is proper in this Court.

Nexstar, Inc., et al v. Ryan Walters, et al
Cause No.: 24-CV-00980-J
Defendants' Answer to the Complaint

1 of 8

## Parties

2. Defendants are without sufficient knowledge to admit or deny paragraph three (3).

3. Paragraphs four (4) through six (6) are admitted.

4. Paragraph seven (7) is denied in part. Defendants admit that Defendant Walters is the State Superintendent of Public Instruction and a member of the State Board of Education and is sued in his official and individual capacities, but specifically deny the allegations subject him to liability in his individual capacity.

5. Paragraph eight (8) is denied in part. Defendants admit that Defendant Isett is the Press Secretary for the Oklahoma State Department of Education and is sued in his official and individual capacities, but specifically deny the allegations subject him to liability in his individual capacity.

## Factual Allegations

6. Defendants are without sufficient knowledge to admit or deny paragraphs nine (9) through fifteen (15).

### KFOR-TV's Reporting on the OSDE and Superintendent Walters

7. Paragraph sixteen (16) is admitted.

8. Paragraph seventeen (17) is denied in part. Defendants admit that KFOR-TV reports on the Oklahoma State School Board and Superintendent Walters. Defendants deny the remaining allegations of paragraph seventeen (17) as worded.

Nexstar, Inc., et al v. Ryan Walters, et al
Cause No.: 24-CV-00980-J
Defendants' Answer to the Complaint

2 of 8

9. Paragraph eighteen (18) is denied as worded. Plaintiff uses "press conference" as synonymous with limited access forums, specifically called gaggles.

10. Paragraph nineteen (19) is denied as worded. Plaintiff uses "press conference" as synonymous with limited access forums, specifically called gaggles.

11. Paragraph twenty (20) is admitted.

12. Paragraph twenty-one (21) is denied.

13. Defendants are without sufficient knowledge to admit or deny paragraphs twenty-two (22) and twenty-three (23).

14. Paragraph twenty-four (24) is admitted in part and denied in part. Defendants admit that KFOR-TV personnel sat in an overflow room. Defendants deny the remaining allegations of paragraph twenty-four (24).

15. Defendants are without sufficient knowledge to admit or deny paragraph twenty-five (25).

16. Defendants are without sufficient knowledge to admit or deny paragraph twenty-six (26).

17. Paragraph twenty-seven (27) is denied.

18. Paragraph twenty-eight (28) is a mixture of factual allegations and legal conclusions and is denied in part. Defendants admit that Superintendent Walters has met with reporters following the State Board of Education meetings. Whether these meetings

Nexstar, Inc., et al v. Ryan Walters, et al
Cause No.: 24-CV-00980-J
Defendants' Answer to the Complaint

3 of 8

constitute a press conference is a question of law and a legal conclusion asserted by Plaintiffs to which no response is required.

19. Defendants are without sufficient knowledge to admit or deny paragraph twenty-nine (29).

20. Paragraphs thirty (30) through thirty-two (32) is denied as worded. Defendant Isett has conveyed or attempted to convey to the Plaintiffs that certain indemnified reports of the Plaintiffs were demonstratively false and/or inaccurate in whole or in part.

21. Paragraph thirty-three (33) is denied as stated.

## July 31, 2024

22. Paragraph thirty-four (34) is denied in part. Defendants admit that KFOR-TV personnel sat in an overflow room to watch a livestream of the meeting. Defendants deny the remaining allegations of paragraph thirty-four (34).

23. Defendants are without sufficient knowledge at the time to admit or deny paragraph thirty-five (35). Other members of the media have been placed in the overflow room on various occasions to view the State Board of Education meetings. Upon information and belief, Defendants allege that on at least or approximately two occasions discovered thus far, Plaintiffs' reporters showed members of other media outlets seated in the overflow room.

Nexstar, Inc., et al v. Ryan Walters, et al
Cause No.: 24-CV-00980-J
Defendants' Answer to the Complaint

4 of 8

24. Paragraphs thirty-six (36) and thirty-seven (37) are denied as stated. Plaintiff uses "press conference" as synonymous with limited access forums, specifically called gaggles.

25. Paragraph thirty-eight (38) is admitted only to the extent it accurately, completely, and in context represents the communication.

26. Paragraphs thirty-nine (39) and forty (40) are admitted.

## August 16, 2024

27. Paragraphs forty-one (41) through forty-eight (48) are admitted only to the extent they accurately, completely, and in context represent the communication.

## August 22, 2024

28. Paragraphs forty-nine (49) through fifty-three (53) are admitted only to the extent they accurately, completely, and in context represent the communication.

29. Paragraph fifty-four (54) is admitted only to the extent it accurately, completely, and in context represents the communication.

30. Paragraphs fifty-five (55) and fifty-six (56) are admitted only to the extent they accurately, completely, and in context represent the statements described.

## **Legal Allegations**

### Count One Rights of Free Speech and Press U.S. Const. Amends. I, XIV, 42 U.S.C. § 1983 Arbitrary and Discriminatory Denial of Press Access Against All Defendants

Nexstar, Inc., et al v. Ryan Walters, et al
Cause No.: 24-CV-00980-J
Defendants' Answer to the Complaint

5 of 8

31. Defendants reassert the denials and admissions stated in response to paragraphs one (1) through fifty-six (56) in response to paragraph fifty-seven (57).

32. Paragraphs fifty-eight (58) through sixty-four (64) are legal conclusions to which no responses are required. To the extent a response is required, any factual allegations in paragraphs fifty-eight (58) through sixty-four (64) are denied.

## Count Two Rights of Free Speech and Press U.S. Const. Amends. I, XIV, 42 U.S.C. § 1983 Content and Viewpoint Discrimination Against All Defendants

33. Defendants reassert the denials and admissions stated in response to paragraphs one (1) through sixty-four (64) in response to paragraph sixty-five (65).

34. Paragraphs sixty-six (66) through sixty-nine (69) are legal conclusions to which no responses are required. To the extent a response is required, any factual allegations in paragraphs sixty-six (66) through sixty-nine (69) are denied.

## **Affirmative Defenses**

35. The Plaintiffs have failed to state a claim for which relief may be granted.

36. Defendants are immune from suit under the Oklahoma Governmental Tort Claims Act, 51 O.S. § 151, et seq..

Nexstar, Inc., et al v. Ryan Walters, et al
Cause No.: 24-CV-00980-J
Defendants' Answer to the Complaint

6 of 8

## Prayer for Relief

37. WHEREFORE, premises considered, Defendants respectfully request a jury trial on all issues so triable by jury in this action and that Plaintiffs be awarded nothing by way of judgment in this case and for such additional relief which may be warranted, proper and lawful.

*Shannon D. Smith*
Shannon D. Smith, OBA # 17346
OSDE Deputy General Counsel
2500 N. Lincoln Blvd.
Oklahoma City, Oklahoma 73105
Attorney for the Defendants
in their official capacity
Tele: 405.522.5260
Email: shannon.smith@sde.ok.gov

Nexstar, Inc., et al v. Ryan Walters, et al
Cause No.: 24-CV-00980-J
Defendants' Answer to the Complaint

## CERTIFICATE OF DELIVERY

I, the undersigned, certify that a true and correct copy of the above and foregoing document was delivered to the following recipient(s) on October 10th, 2024.

Charles Miller,
Ohio Bar No. 0073844
Courtney Corbello,
Trial Counsel
Texas Bar No. 24097533
INSTITUTE FOR FREE SPEECH
1150 Connecticut Ave., NW Suite 801
Washington, D.C. 20036
Tel: (202) 985-1644
Fax: (202) 301-3399
cmiller@ifs.org
ccorbello@ifs.org
Counsel for Plaintiffs

Robert D. Nelon,
OBA #6610
HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.
100 North Broadway, Suite 2900
Oklahoma City, OK 73102
Telephone: (405) 553-2828
Facsimile: (405) 553-2855
bnelon@hallestill.com
Counsel for Plaintiffs

*Shannon D. Smith* (signature)
Shannon D. Smith

Nexstar, Inc., et al v. Ryan Walters, et al
Cause No.: 24-CV-00980-J
Defendants' Answer to the Complaint