## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NEXSTAR MEDIA, INC. d/b/a KFOR-TV; DYLAN BROWN; KEVIN JOSEFY; GAGE SHAW,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>RYAN WALTERS, State Superintendent of Public Instruction; DAN ISETT, Press Secretary for the Oklahoma State Department of Education, in their official and individual capacities,<br><br>　　　　　Defendants. | Case No. CIV-24-980-J |

## **ORDER**

On September 23, 2024, Plaintiffs Nexstar Media, Inc., doing business as KFOR-TV, Dylan Brown, Kevin Josefy, and Gage Shaw (collectively, KFOR) initiated this action against Oklahoma State Superintendent of Public Instruction Ryan Walters and Oklahoma State Department of Education Press Secretary Dan Isett. The complaint, filed pursuant to 42 U.S.C. § 1983, alleges that Walters and Isett have repeatedly denied KFOR access to Oklahoma State Board of Education (OSBE) meetings and subsequent press conferences held by Walters at the Oklahoma State Capitol complex, in violation of the First Amendment. For relief, the complaint seeks: (1) injunctive relief enjoining Defendants from barring KFOR from future OSBE meetings and follow-up press conferences; (2) declaratory relief consistent with injunctive relief; (3) nominal damages of $17.91; and (4) costs and attorney fees. KFOR did not request a jury trial.

Also on September 23, 2024, KFOR moved for a temporary restraining order (TRO) and preliminary injunction to secure full access to upcoming OSBE meetings and press conferences, including those scheduled for September 26, 2024. The Court granted KFOR's request for a TRO

on September 25, 2024, and promptly set a hearing date for KFOR's request for a preliminary injunction.

On October 2, 2024, the parties jointly moved to consolidate the preliminary injunction hearing with the trial on the merits pursuant to Federal Rule of Civil Procedure 65(a)(2), requesting that the trial take place in December 2024. The Court granted the request and set the matter for trial on December 11, 2024, under the assumption that it would be a bench trial. Yesterday, Defendants filed their answer to the complaint, which notably included a demand for a jury trial.

The Seventh Amendment preserves the right to trial by jury "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const. amend. VII. The Supreme Court has interpreted the phrase "Suits at common law" to refer to "suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989) (emphasis and internal quotation marks omitted); *see also Manning v. United States*, 146 F.3d 808, 811–12 (10th Cir. 1998) ("Actions at law entitle the parties to a jury, but equitable cases do not." (citing *Bowdry v. United Airlines, Inc.*, 58 F.3d 1483, 1489 (10th Cir. 1995))). Entitlement to a jury trial under the Seventh Amendment thus "depends on whether [the] action is equitable or legal in nature." *Manning*, 146 F.3d at 811. Injunctive relief is historically equitable in nature. *See, e.g.*, *Signature Props. Int'l Ltd. P'ship v. City of Edmond*, 310 F.3d 1258, 1268 (10th Cir. 2002). And the fact that a party requests declaratory relief in connection with an injunction does not always alter the basic equitable nature of the action. *Manning*, 146 F.3d at 812. "Declaratory relief may be legal or equitable depending on the basic nature of the underlying issues." *United States v. New Mexico*, 642 F.2d 397, 400 (10th Cir. 1981).

Given Defendants' demand for a jury trial, they shall advise the Court, by written submission on or before October 21, 2024, as to their entitlement to a jury trial under the Seventh Amendment. Defendants' submission shall not exceed 20 pages. Any response by KFOR, also not exceeding 20 pages, shall be filed by October 28, 2024.

IT IS SO ORDERED this 11th day of October, 2024.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE