UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NEXSTAR MEDIA, INC. d/b/a KFOR-TV; DYLAN BROWN; KEVIN JOSEFY; GAGE SHAW, <br><br> Plaintiffs, <br><br> v. <br><br> RYAN WALTERS, State Superintendent of Public Instruction; DAN ISETT, Press Secretary for the Oklahoma State Department of Education, in their official and individual capacities, <br><br> Defendants. | Case No. CIV-24-980-J |

### ORDER

On September 23, 2024, Plaintiffs Nexstar Media, Inc., doing business as KFOR-TV, Dylan Brown, Kevin Josefy, and Gage Shaw (collectively, KFOR) initiated this action against Oklahoma State Superintendent of Public Instruction Ryan Walters and Oklahoma State Department of Education Press Secretary Dan Isett. [Doc. No. 1].[1] The complaint alleges that Walters and Isett violated KFOR's First Amendment rights by repeatedly denying its reporters access to Oklahoma State Board of Education (OSBE) meetings and subsequent press conferences at the Oklahoma State Capitol complex—all because they regard KFOR as an illegitimate news organization. *See id.* at 2–14. At its core, the complaint seeks declaratory and injunctive relief to ensure KFOR's right to attend future OSBE meetings and follow-up press conferences. *See id.* at 18.

---

[1] All page citations refer to the Court's CM/ECF pagination.

Also on September 23, KFOR moved for a temporary restraining order (TRO) and preliminary injunction to secure full access to upcoming OSBE meetings and press conferences. [Doc. No. 4]. The Court granted KFOR's request for a TRO two days later, [Doc. No. 14], and set a hearing for KFOR's request for a preliminary injunction, [Doc. No. 18]. Subsequently, the parties jointly moved to consolidate the preliminary injunction hearing with the trial on the merits pursuant to Federal Rule of Civil Procedure 65(a)(2), requesting that the trial take place in December 2024. [Doc. No. 19] at 3. In their joint motion, the parties represented that "any live testimony [would] be minimal" and that the trial would "occupy no more than one full day." *Id.* at 2–3. Based on these representations, the Court granted the request and set the matter for trial on December 11, 2024. [Doc. No. 21].

Now before the Court is KFOR's Motion in Limine, (Mot. in Lim.) [Doc. No. 46], to which Defendants responded, (Resp.) [Doc. No. 50]. Upon careful consideration of the parties' submissions, the Court makes its determination.

I. **Legal Standard**

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). Its purpose "is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Mgmt. Co.*, 587 F. Supp. 2d 1201, 1208 (D. Kan. 2008) (internal quotation marks omitted). Through a motion in limine, a party may "request . . . guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the

parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (internal quotation marks omitted).

"In order to exclude on a motion in limine, the evidence must be inadmissible on all potential grounds." *United States v. Kays*, No. CR-22-40-D, 2022 WL 16541208, at *1 (W.D. Okla. Oct. 28, 2022) (internal quotation marks omitted). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.* (internal quotation marks omitted). That said, even where the district court rules on an evidentiary issue before trial, it "may change its ruling at any time for whatever reason it deems appropriate." *Jones*, 59 F.3d at 146; *see also Godfrey v. CSAA Fire & Cas. Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020) ("A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion.").

The focus of KFOR's motion in limine is its assertion that the challenged evidence, discussed below, is irrelevant. *See* Mot. in Lim. at 1–11. As a general rule, "all relevant evidence is admissible." *United States v. Mendoza-Salgado*, 964 F.2d 993, 1007 (10th Cir. 1992) (citing Fed. R. Evid. 402). Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. That said, relevant evidence may still be subject to exclusion under Federal Rule of Evidence 403—even in a bench trial. While "concerns of unfair prejudice or confusion do not come into play" during a bench trial, "a judge may properly exclude relevant evidence under Rule 403 for trial-related reasons—such as avoiding undue delay or a waste of trial time." *Patel v. Patel*, No. CIV-17-881-D, 2019 WL 758609, at *2 (W.D. Okla. Feb. 20, 2009).

3

## II.     Discussion

KFOR's motion in limine seeks to exclude evidence of the following: (1) certain KFOR news stories that Defendants claim are inaccurate and support their narrative KFOR is illegitimate; (2) the alleged entry of KFOR personnel into a public restroom at the Oliver Hodge Building on August 22, 2024; (3) personal details about KFOR staff members; (4) the sale of KFOR to Nexstar Media, Inc.; and (5) any documents Defendants failed to produce during discovery.  *See* Mot. in Lim. at 1–11.  The Court will address these topics of exclusion below.

### A.     KFOR News Stories

The crux of KFOR's motion in limine is its request to exclude evidence or testimony regarding specific news stories Defendants believe demonstrate KFOR's publication of inaccurate news stories.  KFOR argues that such evidence is "irrelevant to the claims in this case and will only serve to harass [KFOR], prolong trial and waste judicial resources."  Mot. in Lim. at 6.

To be sure, "in cases involving defamation, libel, commercial speech, intentional infliction of emotional distress, and other legislative areas," the Supreme Court "has reiterated that false statements of fact receive minimal constitutional protection."  *United States v. Strand*, 667 F.3d 1146, 1160 (10th Cir. 2012), *abrogated on other grounds by United States v. Alvarez*, 567 U.S. 709 (2012).  Thus, as a general matter, the First Amendment does not broadly shield parties from liability or prosecution for demonstrably false statements.

But this is not such a case.  Defendants are not seeking—nor does it appear they have ever sought—civil liability or criminal penalties against KFOR for a specific news story published. Instead, they wish to effectively limit KFOR's equal access to newsgathering activities indefinitely, based on their belief that the organization has previously published false articles about them.  *See* Resp. at 2–3.  Defendants seemingly contend that demonstrating KFOR's past

4

inaccuracies suffices to undermine its claim that the indefinite newsgathering restriction is unreasonable and amounts to viewpoint discrimination.

While the Court is reluctant to conclude that this evidence fails to meet the low threshold of relevance under Rule 401, any *minimal* relevance must be balanced against the need to avoid wasting time and receiving cumulative evidence.  So, while the Court will afford Defendants *some* leeway to present evidence supporting their subjective belief in KFOR's alleged inaccuracies, it will not permit the trial to devolve into series of mini-trials over the veracity of each and every news story Defendants claim is false.  The Court is confident that Defendants can adequately support their subjective judgments regarding KFOR's reporting practices without resorting to duplicative, article-by-article reviews of KFOR's publications.  The parties should plan accordingly.

### B.     Entry into Bathroom, Staff Personal Details, and Sale of KFOR

Additionally, KFOR moves to exclude evidence regarding the alleged entry of its personnel into a public restroom at the Oliver Hodge Building on August 22, 2024; the personal details of its staff members; and the sale of KFOR to Nexstar Media, Inc.  Mot. in Lim. at 6–8.  Upon careful review, the Court finds that these topics bear no relevance to KFOR's First Amendment challenge—namely, whether Defendants' indefinite restriction on KFOR's newsgathering rights, beginning as early as March 2024, was both reasonable and viewpoint neutral.

### C.     Physical Evidence Not Produced During Discovery Period

Finally, citing Federal Rule of Civil Procedure 37, KFOR seeks to preclude Defendants from introducing "any 'new' documents or physical evidence [they produce] between the date of filing [the present] motion up until and through trial." *Id.* at 10.  Rule 37(c)(1) provides that if a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party

is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 26(a) and (e) generally require that parties disclose information they intend to rely on to support their claims or defenses and to supplement those disclosures or discovery responses in a timely manner if they learn that the information is incomplete or incorrect in a material way. *See* Fed. R. Civ. P. 26(a), (e).

It does not appear from Defendants' response that they have produced any substantively new physical evidence to KFOR since it filed the present motion on December 4, 2024. To the extent they have or do, however, such production would occur after the close of discovery and seemingly warrant exclusion under Rule 37(c).

### III.   Conclusion

Upon careful review, KFOR's Motion in Limine [Doc. No. 46] is GRANTED in part and DENIED in part, as set forth above.

IT IS SO ORDERED this 9th day of December, 2024.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE