# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NEXSTAR MEDIA, INC. d/b/a KFOR-TV, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>RYAN WALTERS, et al.,<br><br>*Defendants*. | Case No. 5:24-cv-00980-J |

### AGREED FINAL JUDGMENT AND PERMANENT INJUNCTION

This Agreed Final Judgment and Permanent Injunction (the "Agreement") is entered into by and between NexStar Media d/b/a KFOR, Dylan Brown, Gage Shaw and Kevin Josefy ("Plaintiffs"), and Superintendent Ryan Walters and Dan Isett ("Defendants") in their official capacities.

### PREAMBLE

As a preamble to this Agreement, the Parties agree to the following:

A. On September 23, 2024, Plaintiffs filed suit under 42 U.S.C. § 1983 alleging Defendants violated their First Amendment rights by arbitrarily denying them access equal to other media to Oklahoma State Department of Education (OSDE) board meetings and Superintendent Walters' press conferences on the basis of viewpoint and content discrimination.

B. In order to avoid the delay, uncertainty, inconvenience and expense of protracted litigation of these claims, the Parties reach a full and final settlement as set forth below.

TERMS AND CONDITIONS

In consideration of the mutual promises, covenants and obligations set forth below, and for good and valuable consideration as stated herein, and before taking of any testimony, and without adjudication of any issue of fact or law, and upon consent and agreement of the Parties to this Stipulation and Settlement Agreement, it is hereby agreed and stipulated as follows:

1. This Court has jurisdiction over this action and the parties to this action, and venue is proper.

2. Plaintiffs have stated First Amendment claims for: (1) arbitrary and discriminatory denial access to OSDE board meetings and the Superintendent's press conferences; and (2) viewpoint and content-based discrimination.

3. Defendants agree to be permanently enjoined in this matter and to act, or be prohibited from acting, in the following ways:

   a. Grant access for KFOR to all OSDE board meetings, press conferences, gaggles, or any other meetings held in which other news media are given nonexclusive access.

   b. Grant KFOR's access to the RSVP notices OSDE sends to journalists prior to each meeting.

   c. Grant KFOR (4@kfor.com) to email distribution list for all OSDE press releases and/or notifications related to OSDE activities following a meeting between the KFOR News Director and the OSDE Director of Communications at KFOR Studios.

    d. Grant KFOR's access to all OSDE "statements" issued to members of the general press in response to daily press inquiries.

    e. Re-establish the media line for journalists wishing to attend OSDE board meetings, subject to security concerns that may arise.

4. Defendants agree to pay Plaintiffs nominal damages in the amount of $17.91 by check made payable to KFOR within 30 days.

5. Defendants agrees that Plaintiffs shall submit a fees application to the Court for determination of the amount of attorney fees and costs.

6. The Parties agree that Judge Bernard M. Jones, of the United States District Court for the Western District of Oklahoma, will retain continuing jurisdiction over this suit to the extent necessary to settle any disputes that arise as a result of an alleged breach of the Agreement, including, without limitations, attorney fees.

7. The Parties have read this Agreement and understand all aspects of it.

8. The Parties agree that issuance and service of writ of injunction is unnecessary and that that Parties have entered into this Permanent Injunction and received notice of it.

9. The Parties represent that this Agreement is freely and voluntarily entered into without any degree of duress or compulsion whatsoever.

10. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

11. The provisions of this Agreement shall apply to, be binding on, and inure to the benefit of the Parties to this action and their successors and assigns.

12. Except as provided in Paragraph 3(e), this Agreement is intended to be for the benefit of the Parties only, and by this instrument the Parties do not release any claims against any other person or entity, except as otherwise stated in this Agreement.

13. This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Electronic signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

14. The Parties acknowledge that no further promises, representations or agreements of any nature have been made or entered into by the Parties, and that this Agreement states the entire agreement between the Parties respecting the subject matter stated herein. The Parties further acknowledge that this Agreement constitutes a single and entire agreement that is not severable or divisible, except that if a provision herein is found to be legally insufficient or unenforceable, the remaining provision(s) shall continue in full force and effect.

IT IS SO ORDERED this 11th day of December, 2024.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

Seen and Approved:

_____
Courtney Corbello*
Trial Counsel
Charles Miller*
Ohio Bar No. 0073844
Texas Bar No. 24097533
INSTITUTE FOR FREE SPEECH
1150 Connecticut Ave., NW, Ste 801
Washington, D.C. 20036
Tel: (202) 985-1644
cmiller@ifs.org
ccorbello@ifs.org

Robert D. Nelon, OBA #6610
HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.
100 North Broadway, Suite 2900
Oklahoma City, OK 73102
Telephone: (405) 553–2828
Facsimile: (405) 553–2855
bnelon@hallestill.com

*Counsel for Plaintiffs*
*admitted pro hac vice

_____
Michael T. Beason, OBA #18535
General Counsel
Oklahoma State Department of Education
2500 N. Lincoln Blvd.
Oklahoma City, OK 73105
Telephone: 405.764.5314
Michael.beason@sde.ok.gov
*Counsel for Defendants*

5