IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **NEXSTAR MEDIA, INC., d/b/a KFOR-TV,** et al., <br><br> *Plaintiffs*, <br><br> -v.- <br><br> **RYAN WALTERS**, in his official capacity as Superintendent of Public Instruction, and <br><br> **DAN ISETT**, Director of Communication for the Oklahoma State Department of Education, in his official capacity, <br><br> *Defendants*. | No. 5:24cv980-J |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR EVIDENTIARY HEARING**

> [T]he *court, in its discretion, may allow the prevailing party, other than the United States, a **reasonable** attorney's fee as part of the costs.*
>
> –42 U.S.C. § 1988(b) (emphasis added).

The starting and ending points when deciding attorneys' fees and costs pursuant to Section 1988 are the same: whether the fees sought are *reasonable*. That includes whether "number of hours expended" are reasonable, whether the party seeking fees asks for "a reasonable hourly rate," and whether "the quality of the service rendered was superior to that one reasonably should expect[.]" *Blum v. Stenson*, 465 U.S. 886, 898, 899 (1984). In this regard, statements made "in conclusory fashion" do not suffice. *Id.* at 898. Here, the Plaintiffs have not demonstrated to this Court that the fees they seek are reasonable or that the time expended in this litigation was reasonable. An evidentiary hearing is therefore necessary so that the Defendants may put the Plaintiffs to their burden of proof to justify their requested fees.

1

To be sure, Plaintiffs "have already submitted full briefing as well as declarations and exhibits[.]" ECF No. 65, p.1. Yet it is precisely those documents that are riddled with "statements made in conclusory fashion" that are problematic. *Blum*, 465 U.S. at 898. An evidentiary hearing is both necessary and proper to allow the Plaintiffs to fully explain their justifications for the nearly $400,000.00 they seek.

Furthermore, it is well-settled that "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). The parties dispute the Plaintiffs' relative success. Although the Plaintiffs characterize the outcome of this case as "a significant free speech victory[,]" ECF No. 64, p.1, the Plaintiffs have not demonstrated any victory beyond maintenance of the status quo.

Finally, the Plaintiffs contend that the Defendants "mak[e] glaring misstatements about the history of the case" and "downplay[] counsels' skill and experience in civil rights law." ECF No. 64, p.1. And yet, the Plaintiffs have not rebutted any of the Defendants' claims.[1] Therefore, an evidentiary will allow the Plaintiffs to point out precisely which of the Defendants' statements are incorrect or are "glaring misstatements."

In short, the Defendants welcome the opportunity to for the Plaintiffs to place their reasoning for why the fees and costs they seek are reasonable on the record, and for the

---

[1] Indeed, the only portion of the Defendants' Response the Plaintiffs truly attempt to rebut is the evidence regarding Prof. Thai, and that his "declaration supports counsels' request for attorneys' fees." ECF No. 64, p.7. However, the Plaintiffs mischaracterize the reasoning for offering this Declaration. The Declaration is offered as an example of experience, reputation, and skill regarding First Amendment litigation, and not as an example of reasonable attorney's fees.

Plaintiffs to refute any of the Defendants' arguments as to why the amount requested is woefully disproportionate, if indeed fees should be awarded at all. Therefore, the Defendants respectfully request that the Court set an evidentiary hearing, to be conducted in any manner the Court deems proper under the circumstances.

Respectfully submitted,

/s/ *Jacquelyne K. Phelps*
JACQUELYNE K. PHELPS
Oklahoma Bar No. 34366
Assistant General Counsel
Oklahoma State Department of Education
2500 N. Lincoln Blvd. Ste. 500
Tel: 405-521-2983
Cell: 405-464-3768
Email: Jacki.Phelps@sde.ok.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

    The undersigned, Jacquelyne Phelps, an attorney with the Oklahoma State Department of Education, hereby certifies that on March 6, 2025, I filed the foregoing with the Clerk of the Court using the CM/ECF system.

    Respectfully Submitted,

    /s/Jacquelyne K. Phelps
    JACQUELYNE K. PHELPS
    Oklahoma Bar No. 34366
    Assistant General Counsel
    Oklahoma State Department of Education
    2500 N. Lincoln Blvd. Ste. 500
    Tel: 405-521-2983
    Email: Jacki.Phelps@sde.ok.gov

    *Counsel for Defendants*